Smith & March *vs.* Paul.

SMITH & MARCH *VS.* PAUL.

1. A declaration against defendant, as drawer of a bill, which does not allege presentment for payment, and notice of refusal, is not a defect available in error.

2. Where one draws a bill on himself, and accepts it, and is afterwards sued as drawer, in default of payment—he will be liable, without notice of non-payment, as it was his duty to provide for the payment of the bill,—and he must have had knowledge that it was unpaid.

3. Where a judgment is entered up for more than the amount due, a motion by a defendant for a new trial will be refused, on condition that plaintiff remit the excess.

4. And, in such a case, if the clerk issue execution for more than the amount due on the judgment, the remedy is to supersede the execution.

Error to Tuscaloosa Circuit court.

Assumpsit on bill of exchange, tried by Judge *P. Martin.*

This was an action of assumpsit, brought by the defendant in error, as endorsee of a bill of exchange,. against the plaintiffs in error.

The declaration was in the following words:

" State of Alabama :

" In the Circuit court, March term, 1838. Tuscaloosa county, to wit; James Pau', plaintiff, by his attorney, complains of Thomas A. Smith and Thomas C. March, partners, under the firm of Smith & March, defendants in custody, *&c.* of a plea of trespass on the case on promises, &c. For that whereas the said defendants here-

tofore, to wit, on the first day of January, in the year eighteen hundred and thirty-seven, at Tuscaloosa, to wit, in the county aforesaid, made a certain bill of exchange in writing, dated the day and year aforesaid, and directed the same to Smith & March, Tuscaloosa, and thereby requested said Smith & March, twelve months after the date of that first of exchange, (second of the same tenor and date unpaid,) to pay to the order of Willis Banks, the sum of five thousand 68-100 dollars, negotiable and payable at the branch of the Bank of the State of Alabama, at Mobile, for value received; which said bill of exchange was afterwards, to wit, on the day and year aforesaid, presented to the said Smith & March, the said defendants, for acceptance, and by them accepted; and the said Willis Banks, to whom the same was payable, afterwards, to wit, on the day and year aforesaid, endorsed the same to John J. Webster, who then and there endorsed and delivered the same to the plaintiff, and thereby ordered and appointed the contents to be paid to the said plaintiff. Yet, the said defendants, although often requested so to do, have not yet paid the said sum of money to the said plaintiff, but so to do have hitherto wholly neglected and refused, to the plaintiff's damage ten thousand dollars; and therefore, suit, &c.

G. W. Crabb, Att'y for plaintiff."

To which the defendant pleaded *non-assumpsit*. There was a verdict and judgment for plaintiff below.

The defendants below moved for a new trial; which motion was overruled, on the plaintiff's agreeing to enter a *remittiter* for the sum of seven hundred and ninety-two dollars, and fifty cents.

From this judgment, the defendant below prosecuted a writ of error, and assigned as reasons for reversing the judgment—

1. That the declaration did not state notice to the defendants below, of the refusal of the acceptors to pay, the action being against the drawer of a bill which was accepted;

2. Because the action being against defendants below, as drawers of an accepted bill, they are not liable to an action, unless in default of the acceptors, which is not shown;

3. Because the declaration did not state protest of the bill for non-payment;

4. Because no final judgment could be rendered, and execution awarded; a new trial having been granted.

*Porter*, for plaintiff in error.
*Stewart*, contra.

ORMOND, J.—The argument, in this case, is founded on the supposition, that the declaration is against the plaintiffs in error, as drawers of the bill of exchange on which the action is founded, and that the failure to allege presentment for payment and notice of refusal, is a defect available on error. If the assumption were correct, the defect would be cured, after verdict, by the statute of Jeofails. But, on looking into the declaration, it is quite clear, that the defendants are charged as acceptors. The averment in the declaration is, that the defendants (plaintiffs in error) drew the bill on themselves, and accepted it; and if it were true, that they were

charged as drawers of the bill, in default of payment, they would be liable, without notice of non-payment, as it was their duty to provide for the payment of the bill, and they must have had knowledge that it was unpaid. The reason of the law, in requiring notice, fails, in such a case—(See Chitty on Bills, 355, and cases there cited.)

The last assignment of error is not sustained by the record. The motion for a new trial is refused, on condition that the plaintiff below enter a *remittiter*, which, from the record, it appears the plaintiff agreed to.— Should the clerk issue execution for the whole amount of the judgment, the remedy would be, to supersede the execution.

The judgment is affirmed.