THE UNITED STATES, APPELLANT, *vs*. THE HEIRS OF F. M. ARRE-
DONDO, AND OTHERS, APPELLEES.

A concession of thirty-eight thousand acres of land was made in 1817, by the governor of East Florida, to F. M. Arredondo, in consideration of services to the crown of Spain. The petition to the governor, asking for the grant, described the situation of the land; and asks, as the survey could not be made for want of surveyors, and the surveyor appointed by the government having other occupations, could not attend, that the issuing of the title should be suspended until the plot of the land could be obtained; but that in the mean time the decree of the governor on the petition should serve the petitioner as the title. To this application the assent of the governor was given, by a decree ordering a concession in conformity with the petition. No survey was made under the concession, while Florida remained under the dominion of Spain, or at any time after the cession of the territory to the United States. The Court held, that want of a survey does not interfere with the title of a grantee. The land granted must be taken, as near as may be, to place described in the petition, and cannot be taken elsewhere; and if it cannot be found there, the grantee has no claim to an equivalent; and if it shall be found to interfere with previous grants to third persons, the concession will be lessened in quantity according to the extent of the rights of third persons; and an equivalent for such diminution cannot be surveyed elsewhere.

The acts of Congress for ascertaining claims and titles to lands in Florida, whilst they recognise patents, grants, concessions, or orders of survey, as evidence of title when lawfully made; do not permit, in case of a deficiency in the quantity from any cause whatever, the survey to be extended on other land.

ON appeal from the Superior Court of East Florida.

This case was submitted to the Court by Mr. Grundy, the Attorney General of the United States.

Mr. Justice WAYNE delivered the opinion of the Court.—

This is an appeal from the Superior Court of East Florida, which confirmed the claim of the appellees to a cession or grant of land, made by the governor of Florida to Fernando de la Maza Arredondo.

The concession was made on the 24th March, 1817, for thirty-eight thousand acres of land, in absolute property, without prejudice to a third party, situated on the two banks of a stream which enters the Suwanee river, called Alligator creek, beginning at about seven miles west of an Indian town called Alligatortown, situated north-westwardly about forty miles distant from Payrestown, and about eighty miles from Buena Vesta, which parts of the country are known under the name of Alachua. In the petition for this concession, the petitioner asks, in consideration that the situation and then state of the province did not permit the survey and demarcation of the tract to be made, and also the survey could not be made for want of a surveyor—the surveyor appointed by the government having other occupations, which prevent him from repairing to that part of the province—he asks the governor to suspend the issuing of the title to the property until the plot of the said tract could be obtained; but in the mean time that the grant which the governor might be pleased

to give him, by his decree, should serve him as the title thereto; *to* which the governor responds by declaring, that the titles corresponding to the concession, will be issued to the petitioner as soon as he shall present the plot made by the surveyor; and in the mean time, that his decree shall be "an equivalent thereof in all its parts; of which a certificate shall be given to the petitioners, authenticated in due form, in order that the petitioner may prove said grant, and enjoy the said lands, and dispose of them as he sees fit." The authenticity of the petition and concession, is proved by such testimony as this Court has always deemed sufficient for such purpose. It appears also, by documents in the record, which are mentioned in the appellee's petition to the Court for the confirmation of this concession or grant, that after the concession was made, the grantee, for a full and valuable consideration, sold and conveyed this tract of land, and the title in fee to the same was vested in Moses E. Levy, one of the appellees in this cause; and that the said Levy did afterwards by indenture, grant, bargain, and sell, by way of exchange for other lands, the one undivided moiety or half part of said land and its appurtenances, in fee simple, to Fernando and Joseph de la Maza Arrendondo. It does not appear by the record that a survey was made of this concession, whilst Florida continued a province of Spain; or that it has been since surveyed. Nor does it appear by any evidence in the cause, that the locality of the concession has been definitely ascertained.

We do not consider the want of a survey, as interfering with the right of the party to the land granted; but it must be taken near as may be, as it is described in the petition—where it was asked for, and as it was granted, and cannot be taken elsewhere. If it cannot be found there, the appellees have no claim to an equivalent. Or if, upon the survey, it shall be found to interfere with previous grants to third parties, the concession will be lessened in quantity according to the extent of the rights of third parties, and an equivalent for such diminution cannot be surveyed elsewhere. Such are the terms of the concession, that the land is to be surveyed "in the place where the petitioner designates, without prejudice to a third party." It gives no right to an equivalent or another location, if it cannot be found at or near the place designated. An equivalent is not secured by the concession, in terms; nor is it by the customs or usages of Spain; nor by any law or ordinance of Spain. And it is proper here to remark, that the acts of Congress for ascertaining claims and titles to land in Florida, whilst they recognise patents, grants, concessions, or orders of survey, as evidence of title when lawfully made; do not permit, in case of a deficiency in the quantity from any cause whatever, the survey to be extended on other lands. But this concession calls for a natural object, a creek, and is designated as beginning on the creek, about seven miles west of an Indian town called Alligatortown. A survey may be made so as to give the appellees the benefit of the concession, according to the description in the petition, supposing that Alligator

creek exists, and that Alligatortown can be found: for, by running a line due west from the centre of the town until it strikes the creek, then extending that line west for a base line of the survey, making the centre of the creek equidistant from its extremities, and then running down the creek on both sides of it, towards the Suwanee, without regard to the windings of the creek, being cut by the downward lines; the concession may be described by survey, so as to answer the description of being on the two banks of the stream or creek. Or, in the event of no such creek existing within or at the distance of seven miles from Alligatortown, or at a reasonable distance over seven miles to the west of it; then, by beginning the survey seven miles west of the town, making a line due west the base of the survey, and running from its extremities towards the Suwanee, or in any other direction; if it shall be found by running them towards the Suwanee, the rights of third parties would be interfered with, then the survey of thirty-eight thousand acres could be made, so as to give the appellees the benefit of the concession, in accordance with those liberal and equitable principles uniformly applied by this Court in the construction of claims to land in Florida, granted before the treaty with Spain transferring Florida to the United States. If, however, neither Alligator creek can be found, nor any creek to the west of Alligatortown, entering into the Suwanee, within or at seven miles distance from the town, or a reasonable distance therefrom, and if Alligatortown cannot be found; then it is the opinion of this Court, that the remaining description in the petition, of the locality of the concession, is too indefinite to enable a survey to be made, and that the appellees can take nothing under the concession. We have been the more particular upon this point, that the mandate which this Court shall give to have a survey made, may not be misunderstood by the officers whose duty it will be to have the survey executed. The decree of the Superior Court of East Florida is affirmed.

This cause came on to be heard on the transcript of the record from the Superior Court for the district of East Florida, and was argued by counsel. On consideration whereof, it is adjudged and decreed by this Court, that the decree of the said Superior Court, in this cause, so far as it declares the claim of the petitioners to be valid, be, and the same is hereby, affirmed in all respects; and that a survey be made of the lands contained in the said concession, according to the terms thereof, for the number of acres, and at the places therein designated; provided it does not interfere with the rights of third parties. And it is further ordered by the Court, that a mandate be issued to the surveyor of public lands, directing him to do and cause to be done, all the acts and things enjoined on him by law, and as required by the opinion and decree of this Court in this case; and that this case be remanded to the said Superior Court for further proceedings to be had therein in conformity to this decree, and the opinion of this Court, which must be annexed to the mandate.