## PUCKETT v. KING, UPSON & CO.

1. A note which, on its face is made negotiable and payable at the Branch of the Bank of the State of Alabama, at Mobile, cannot be given in evidence, under a declaration describing a note as payable generally.

Writ of Error to the County Court of Sumter County.

ACTION of assumpsit by the endorsees of a promissory note against the maker. The note is described in the declaration, as payable six months after its date to Lea & Langdon. At the trial, on the general issue, a note purporting to be negotiable and payable at the Branch of the Bank of the State of Alabama, was offered in evidence under this declaration. The defendant objected to its admission as variant from that described, and when the objection was overruled, excepted to the decision.

Verdict and judgment for the plaintiffs.

The defendant prosecutes the writ of error, and assigns that the County Court erred in admitting the note in evidence.

GREEN, for the plaintiff in error.

REAVIS, for the defendants in error, insisted, that the variance was immaterial, the note having been described according to its legal effect.

GOLDTHWAITE, J.—The note should have been excluded from the jury, as the contract offered in evidence is different in its legal effect, from that described in the declaration.

It is true, that in either case the maker of such notes is bound generally, and he is not discharged in the case of the one payable in Bank, by the omission to present it at the place where the payment is to be made; but the distinction between the contracts evidenced by the notes, is, in the case of the note payable in Bank; if the maker had funds at the particular place, at the day, he is authorized to show this fact in his defence, in a plea of tender; his contract, therefore, is not the same, as when he contracts to pay absolutely, and wherever the note may be presented to them.

Let the judgment be reversed and the case remanded.