MONTGOMERY v. ELLIOTT, use, &c.

6   701
102   623
6   701
103   521

1. An unincorporated body of individuals, issuing notes, are liable as partners, and therefore, under the statute of this State, the defence that the defendant had withdrawn from the association before the note sued on was issued, can only be given in evidence under the plea of *non est factum.*

2. Upon a suit on a note payable *on demand,* at a particular place, it is not necessary that the plaintiff should prove a demand at the place before suit brought. It is matter of defence for the defendant, if he was ready at the place, to pay.

ERROR to the Circuit Court of Fayette.

This action was commenced before a justice of the peace, by the defendant in error, on two notes, for twenty dollars each, in the following form.

The Real Estate Bank, No. 52, of Caledonia, Mississippi, pro-

mise to pay John Elliott or bearer, twenty dollars, on demand, at their banking house, Caledonia, Mississippi.—May 8, 1838.

W. G. WRIGHT, Pres't

R. DOWDLE, Cashier.

Judgment being rendered for the defendant, the plaintiff appealed to the circuit court, where judgment was rendered for the plaintiff.

Upon the trial, it appeared that the Real Estate Banking Company was an association of unincorporated individuals for the purpose of banking, and that the defendant was a member thereof, for a certain period—that the company issued notes, as bank notes, to be in circulation from time to time, as the board of directors might direct. That the defendant broke up his connection with the company, and was released on the 19th May, 1838. That the notes sued on, were not in fact made and put in circulation at the time they bore date; but after the defendant ceased to be a member of the company; which evidence was rejected, because no plea of *non est factum* was interposed, to which the defendant excepted.

The defendant moved the court to charge, that the plaintiff, to entitle himself to a recovery, must prove a demand at the banking house of the company—which the court refused, and he excepted.

The assignments of error, present for revision, the rejection of the testimony and the charge of the court.

PECK & CLARKE, for the plaintiff in error—cited 1 Stew't, 155. HUNTINGTON, *contra.*—[2 Ala. Rep. 343, 705.]

ORMOND, J.—The case of Fowlkes & Co. v. Baldwin, Kent & Co. [2 Ala. 705,] is conclusive to show, that one sued upon a note as a partner, cannot introduce evidence to prove he is not a partner, unless he put the fact in issue by a sworn plea. The members of this company were liable as partners, upon the notes they issued. The proof offered to be made, was, that when this note was issued, the defendant had withdrawn from the company; that is, he had ceased to be a member of the firm, and was, therefore, not liable upon the note. This defence could only be made, by the statute of this State, under the plea of *non est factum.*

The question, whether a demand was necessary before suit, is one of considerable difficulty.   Upon this subject, a great contrariety of opinion formerly prevailed in England, as to the necessity of averring and  proving a demand as a  precedent  condition to the right to recover, when  the instrument was made payable on its face at a particular time and place, or where it was accepted, payable at a particular place, which was finally settled on appeal to the House of Lords, that such demand was necessary in the case of Rozar v. Young, [2 Brod. and Bing. 180.]

In the United  States, a different doctrine has generally prevailed, it being considered matter of defence, and therefore, not necessary to be proved by the plaintiff.   [Wallace v. McConnell, 13 Peters, 133.   See, also, Chitty on Bills, 9  Am.  ed.  393, and Story on Bills, 416; and note, where the cases are collected.]

In this State, it has always been considered matter of defence, when the suit is against the  maker or acceptor.   The doctrine is so stated by Judge Saffold, in Irvine v. Withers, [1 Stew. 234;] and although it was not acquiesced  in by the  whole  bench, it has been considered and acted on as  settling  the  law from that time to the present.   [Roberts v. Mason, 1 Ala. Rep. 373.]

The question in this case is, whether the same rule is to be applied where the note is payable on *demand* at a particular place. We are unable to perceive any substantial difference between the two cases.   The  same reasons which lead  to the conclusion, that it is matter of defence when  the note is payable at a specified time, at a particular  place, apply with the same force  when  it is payable on demand.   In either case, it is impossible that the defendant can be prejudiced, as he can always defend himself by proving that he was ready at the place appointed to pay the debt, and if not ready to pay, why should the plaintiff be required to do an unnecessary act.   This question  is considered at some length in the case of Huxtun v. Bishop, [3 Wend. 13,] and the law considered to be as here stated.

The rule would be different where the suit is against an endorser, his contract being  conditional to pay, if the maker does not on demand; a demand and notice is, therefore, necessary by the terms of his contract to fix his liability.

It results from the view here taken, that there is no error in the judgment of the circuit court, and it is therefore affirmed.