## CLANCY *vs.* HILLIARD.

| 39 | 713 |
| 100 | 231 |

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST ENDORSER.]

1. *Variance in description of note.*—Under a complaint which avers that "the plaintiff claims of the defendants the sum of $3,030, due by promissory note made by H. G. & H. T. H. on the 8th November, 1853, and payable on the 1st March, 1854, with interest thereon; said note being endorsed by defendants on the day of its date, and before the same was accepted by plaintiff, and received and held by him on the faith and credit of their said endorsement, they having endorsed the same for the makers, and thereby induced plaintiff to accept the same;"—a promissory note payable to plaintiff "or order," and "negotiable and payable at the Bank of Mobile," is not admissible evidence.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. NAT. COOK.

THIS action was brought by John Hilliard, against Thomas G. Clancy, and John H. Stone; and was commenced on the 30th March, 1857. The complaint was in the following words: "The plaintiff claims of the defendants the sum of three thousand and thirty dollars, due by promissory note made by H. G. Holt and H. T. Holt, on the 8th day of November, 1853, and payable the 1st March, 1854, with interest thereon; said note being endorsed by defendants on the day of its date, and before the same was accepted by plaintiff, and received and held by plaintiff on the faith and credit of their said endorsement, they having endorsed the same for the makers thereof, and thereby induced plaintiff to take and accept the same. And plaintiff avers, that suit has been brought against the makers of said note, in Tennessee, their place of residence, according to law, to charge the makers, judgment obtained thereon, execution issued according to law, and returned 'no property found'; a balance of which said note, amounting to four hundred dollars, is still unpaid. Said plaintiff further avers, that no suit has been brought against the makers of said note in the State

45

of Alabama, because such makers [have not], nor has either of them since the maturity thereof, had a known place of residence in said State; by reason whereof, the said plaintiff has the right to have and demand the said balance, to-wit, the sum of four hundred dollars, still due and unpaid, from said defendants."

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a promissory note for three thousand and thirty dollars, made by H. G. Holt and H. T. Holt, dated at Marion, Alabama, on the 8th November, 1853, payable on the 1st of March, 1854, to John Hilliard or order, negotiable and payable at the Bank of Mobile, for value received, and endorsed by the defendants. "The defendants objected to the introduction of said note as evidence, on the grounds—1st, that the same was inadmissible under the complaint; and, 2d, that the same was variant from the instrument declared on in the complaint." The court overruled the objections, and allowed the note to be read to the jury; to which the defendants excepted. The defendants asked the court to instruct the jury, among other things, "that, on the evidence submitted to them, the plaintiff was not entitled to recover"; which charge the court refused to give, and the defendants excepted to its refusal.

The several rulings of the court to which exceptions were reserved, are now assigned as error.

JNO. F. VARY, for appellants.
WM. M. BROOKS, contra.

BYRD, J.—The promissory note set out in the complaint was not negotiable at common law. The note introduced in evidence, was not only negotiable at common law, but, by section 1525 of the Code is made commercial paper, and is governed by the commercial law. Again, the note declared on is payable generally; while the one introduced in evidence, is payable at a particular place. Such a state of pleading and proof, at common law, would be a variance fatal to the action.—1 Chitty's Pleadings, 309; Rocke v. Campbell, 3 Camp. R. 247; Price v. Mitchell, 4 ib. 200;

*Sanderson v. Bowes,* 14 East, 500; *Puckett v. King,* 2 Ala. 570; *Pickens and Wife v. Oliver,* 29 Ala. 537.

There are very material distinctions, as to the liabilities of, and the mode of enforcing them against, endorsers of a non-negotiable promissory note, and a negotiable one, as governed by the commercial law.—Story on Prom. Notes, §§ 469 to 479, and notes. Their liability, in the first case, would have to be ascertained and fixed under section 1543 of the Code, and the subsequent sections of that chapter; and in the latter case, by the principles of commercial law; and the two modes of fixing their liability are distinct and variant.

But the counsel for appellee insists, that the provisions of the Code relieve the case from the rule of the common law. Under sections 2227 and 2228, all pleadings are required to be as brief as is consistent with perspicuity and the representation of the facts or matters to be put in issue in an intelligible form, and "that any pleading, which conforms substantially to the schedule of forms attached to this part, is sufficient." The complaint in this case, perhaps, would be held sufficient against an endorser of such a note as is declared on, but it is not against an endorser upon a note "payable at a bank, or private banking-house." Such a note must be declared on against the parties thereto as commercial paper, and in substantial conformity to the forms attached to the Code, for such cases, so as to present "the facts or matters to be put in issue in an intelligible form." Where the forms prescribed by the Code are not applicable, then the complaint must state all the "facts and matters" necessary to show that the plaintiff, *prima facie,* is entitled to recover; and the following authorities clearly indicate the proper practice to be observed in framing complaints.—*Letondal v. Huguenin,* 26 Ala. 552; *Pickens v. Oliver,* 29 Ala. 528; *Sprowl v. Lawrence,* 33 Ala. 674; *City Council v. Taylor,* 33 Ala. 116; *Nesbit v. Pearson,* 33 Ala. 668; *Punch v. Walker,* 34 Ala. 494; *Alabama Coal Mining Co. v. Brainard,* 35 Ala. 476; *Adams v. Adams,* 26 Ala. 278; *Browder v. Gaston,* 30 *ib.* 677. The provisions of chapter 16, title 1, part 3 of the Code, will not aid or cure the defects noticed, on appeal.

It results from this exposition of the law, that the court erred in allowing the note to be read in evidence against the objection of defendants, and in refusing the last charge asked for by them.

If the complaint should be amended in the court below, in accordance with this opinion, the issues will be changed, and the evidence introduced will not probably be again offered; and as all the other assignments of error, which may hereafter affect the case, apply·to the admission and exclusion of evidence, we deem it unnecessary to pass on them.

Let the judgment be reversed, and the cause remanded.