Moses v. Clark.

Let the judgment of the court below be reversed, and the cause be remanded for further proceedings.

---

## MOSES vs. CLARK.

[ACTION ON PROMISSORY NOTE.]

1. *Executors ; promissory note payable to ; when title to vests in holder.*—A promissory note payable to executors, transferred by them in pay= ment of a liability of the estate of equal amount, may be sued on by the holder.   These facts will protect the maker against any suit instituted by an administrator *de bonis non* or other representative of the estate.

Tried before Hon. J. McCALEB WILEY.
APPEAL from Circuit Court of Barbour.

The appellant was the plaintiff in a suit for the collection of a promissory note, which the appellee made in favor of Shorter and Baker, the executors of the will of Milton A. Browder, deceased.  The consideration was property bought by him at a sale of the personal property of the estate by the executors, under an order of the probate court.

The defendant pleaded that the plaintiff was not the owner of the note.   The evidence showed that the above named executors endorsed the note to the executor of Mrs. Browder in payment of so much of her distributive share of her husband's estate, and he had charged himself with it, and had accounted for it in his final settlement of her estate, upon which he had been discharged.   The executors of M. A. Browder had charged themselves with the amount as money collected, and had accounted for it as above stated on a partial settlement of their administration. There had been no final settlement of the last mentioned estate, and no partial distribution under any order of the

probate court. The disposition made by the executors of this note was of their own motion, without any authority from the court. This being all the evidence, the court, at the request of the defendant, charged the jury that "if they believed the evidence they must find for the defendant." The appellant excepted, took a non-suit and bill of exceptions, with leave to set aside the non-suit in the supreme court.

JOHN M. McKLEROY, for appellant.

F. M. WOOD and D. M. SEALS, contra.

B. F. SAFFOLD, J.—The plaintiff was entitled to recover if the judgment would protect the defendant against any demand that might be set up in behalf of M. A. Browder's estate. No representative, distributee or creditor of that estate could regain from him the property purchased. If sued by any of them, in any form, the facts shown in the bill of exceptions would be a defense to the suit.

The estate of Browder had received an equivalent, and plaintiff was not bound to see that the executors committed no devastavit.

The judgment is reversed and the cause remanded.