[Clark *v.* Moses.]

# Clark *v.* Moses.

*Action on Promissory Note, by Assignee against Maker.*

1. *Sufficiency of complaint, in averment of plaintiff's ownership of note.* — " Which said note is now the property of plaintiff," is a sufficient averment of the plaintiff's ownership of the note sued on, in an action by an assignee against the maker.

2. *Note payable at particular place ; variance.* — Where the promissory note sued on is described in the complaint is payable generally, while that offered in evidence is payable at a bank, or other specified place, the variance is immaterial, as the legal effect of the note is the same in both cases.

3. *Transfer of note by executor.* — A promissory note, payable to executors, and given for the price of property sold by them under an order of the probate court, may be transferred by them to a distributee, in payment *pro tanto* of his distributive share; and such transfer passes a title to the distributee, on which he may maintain an action against the maker, or successfully defend an action by an administrator *de bonis non.*

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. J. McCALEB WILEY.

SEALS & WOOD, for appellant.

McKLEROY & PUGH, *contra.*

B. F. SAFFOLD, J.— The suit is assumpsit by the appellee against the appellant. The complaint claims the principal and interest of a promissory note made by the defendant, payable to John Gill Shorter and Alpheus Baker, executors of the last will and testament of Milton A. Browder, deceased, or bearer, twelve months after the date thereof ; " which said note is now the property of plaintiff," &c. To this complaint it was objected by demurrer, that the plaintiff's ownership of the note was not sufficiently averred by a statement of facts showing that the title thereto of Browder's estate had passed to him. The demurrer was overruled. The averment that the note was the property of the plaintiff, put in issue any manner in which he might lawfully have acquired it as transferee. The objection attacks his right or title as such, and was properly overruled. *Browder* v. *Gaston*, 30 Ala. 677 ; *Douglass* v. *Beasly*, 40 Ala. 142.

2. The plaintiff offered in evidence a promissory note corresponding with that described in his complaint, except that it was payable " at the Eastern Bank of Alabama." An objection to this evidence, on account of variance, was overruled. There is no variance, when the contract offered in evidence is stated in the complaint according to its legal effect. 1 Chit. Plead. 305. The maker of a promissory note, payable at a banking house, is not discharged, if the holder omits to present

it there at maturity, though he sustains damages by such neglect, unless it is made payable " there only," or " not otherwise, or elsewhere." Chitty on Bills, 354. No averment of demand at the place is necessary. *Montgomery* v. *Elliott*, 6 Ala. 701. All of the authorities cited, to show that there is a variance when the place of payment is not averred, are cases between parties whose rights were affected by presentment and notice. Judge Story says : " The received doctrine in America seems to be this, that as to the acceptor of a bill of exchange, and the maker of a promissory note, payable at a bank, or other specified place, no presentment or demand of payment need be made at the specified place, on the day when the bill or note becomes due, or afterwards, in order to maintain a suit against the acceptor or maker ; and of course, there need be no averment in the declaration, in any suit brought thereon, or any proof at the trial, of any such presentment or demand. But the omission or neglect is a matter of defence on the part of the acceptor or maker. If the acceptor or maker had funds at the appointed place, at the time, to pay the bill or note, and it was not duly presented, he will, in the suit, be exonerated ; not, indeed, from the payment of the principal sum, but from the payment of all damages and costs in that suit. If, by such omission or neglect of presentment and demand, he has sustained any loss or injury, as if the bill or note were payable at a bank, and the acceptor or maker had funds there at the time, which have been lost by the failure of the bank, then, and in such case, the acceptor or maker will be exonerated from liability, to the extent of the loss or injury so sustained." Story on Prom. Notes, § 228 ; Chitty on Bills, 408, and n. 3 ; *Smith* & *March* v. *Paul*, 8 Port. 503. The essence of this doctrine is not any peculiarity of commercial paper, but a breach of the contract on the part of the plaintiff, in not demanding payment at the time and place specified, and recoupment by the defendant. An averment of the place of payment is only material as it affects the defence. As the non-presentation at the place, or at the time, is only available to the maker or acceptor in case of damage, which he must plead and prove, the legal effect of the instrument is stated without averment of the place of payment.

3. The note came to the plaintiff by transfer from A. J. Wilson, executor of Mrs. Browder, to whom it was paid by the payees, the executors of M. A. Browder, as so much of her distributive share of her husband's estate. Mrs. Browder's estate has been finally settled, but M. A. Browder's has not been, though partial settlements have been made of it, in which this note was charged against his executors as assets administered. Neither of the transfers was made by any

[Clark v. Moses.]

order of the probate court. The note was given for property of the estate of M. A. Browder, sold by the executors under order of the court. The defendant contends, that the transfers did not pass the title out of Browder's estate, and, consequently, he is liable to that estate still.

In *Moses* v. *Clark*, 46 Ala. 229 (the same case), we held that he would not be liable again. It is not difficult to fortify that decision. In *Woolfork's Adm'r* v. *Sullivan*, 23 Ala. 548, it was held that an administrator had power to compromise, or settle without suit, the choses in action belonging to the estate. This authority is not withdrawn by R. C. §§ 2130, 2131, providing for the compromise of bad or doubtful debts, and directing the manner in which it should be done. R. G. § 2132 shows the extensive character of the compromise intended, going to the receipt of lands, or any other description of property, in exchange for the debts. This legislation referred alone to the entanglements and disasters of the war, inasmuch as it was made inapplicable to debts accruing since the 1st of May, 1865. It cannot be held that an administrator must be charged with the credits of the estate in full, unless he shows a judgment against the debtor, and an execution returned partially satisfied, or no property found, or an order from the probate court to compromise. If not, then a qualified right to compromise or settle a chose in action, both before and after suit commenced, must be allowed; otherwise, a most useless accumulation of costs might consume a small estate. The same showing which would obtain an order for a compromise, ought undoubtedly to give him credit for it on settlement.

But, except in the cases to which the sections above referred to apply, the probate court has no authority over the choses in action, unless it be to order a sale of them as *property*. The property which the court is authorized to order sold, is that which the intestate had; and it does not include his choses in action, except on distribution, when they cannot be equitably divided. R. C. § 2126. The sale may be for cash, or on credit. If the latter, a note must be taken for the purchase money. If this note is again to be regarded as property, subject to another order of sale, there is an interminable circle. It is, therefore, not property subject to such sale, but partakes so much of the nature of money, that it may be disposed of by the administrator as such, with like accountability for the manner in which it is done. It will not be contended that money paid out by the administrator can be reclaimed by the title of the estate to it. Neither can the note, especially when payable to the administrator, for property sold by him under order of court. The *property* thus sold is so far administered. The reception of the purchase note or money is

another step in the process; and when either the note or the money is given at its full value, in satisfaction of a just debt, or other demand against the estate, the administration of that property is complete. Of course, when an administrator's functions cease, by his resignation or removal, and another is appointed, he has no claim to perform them. This is the analysis of the authorities cited, that an administrator *de bonis non* must collect a note given by his predecessor, but has nothing to do with such assets as have been administered.

The judgment is affirmed.