## Case No. 13,113.

### SMITH v. TALLAPOOSA COUNTY.

[2 Woods, 574.] [1]

Circuit Court, N. D. Alabama. Nov. Term, 1874.

COUNTIES—COUPONS—PLACE OF PAYMENT — RAILROAD COMPANIES—COUNTY AID—LEGISLATIVE ACT.

1. Where a coupon is payable at a particular place, presentation for payment at that place is not a condition precedent to a recovery of judgment thereon by suit.

2. Authority given by a public act of the general assembly to a county to subscribe stock to

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

a railroad company and issue bonds to pay for the same, need not be pleaded. The courts of the United States will take judicial notice of the public acts of the states within which they sit.

3. When a county issues bonds payable to bearer, and pledges for their payment the faith, credit and property of the county under authority of an act of the legislature referred to on the face of the bonds by title and date, and these bonds pass bona fide into the hands of the holders for value, the county is bound to pay them.

4. A county, under authority of an act of the legislature, issued its bonds, payable to bearer at a future day, and after their issue, and long before their maturity, the supreme court of the state declared the law authorizing the issue to be constitutional. Held, that all persons to whose hands the bonds might come might consider that question as conclusively settled; it could not be reopened to their damage.

[This was an action by Gilead A. Smith against Tallapoosa County.] Heard on demurrer to declaration.

Samuel F. Rice, for plaintiff.

Thomas H. Watts, for defendant.

WOODS, Circuit Judge. The action is brought to recover three thousand dollars, the amount due upon 222 coupons, of which the plaintiffs aver themselves to be the holders, which were attached to that number of bonds issued by the defendant county. A copy of one of the bonds is set out in full in the declaration, and it is averred that the others are similar, save in number and amount. The bonds purport on their face to be issued by the defendant in pursuance of authority granted by an act of the Alabama legislature, approved December 31, 1868, entitled "an act to authorize the several counties, towns and cities of Alabama to subscribe to the capital stock of such railroads throughout the state, as they may consider most conducive to their interests." A copy of one of the coupons is set out in the declaration, and the others are averred to be similar save in amount and date of payment. The coupons are made payable at the agency of the Savannah & Memphis Railroad Company in the city of Montgomery. It is averred that the plaintiffs are bona fide holders of the coupons, and of the bonds to which they were attached, and that the bonds and coupons were purchased by the plaintiffs for a valuable consideration, before the bonds or coupons on any of them fell due; that when the coupons sued on became due the defendant had no funds at the agency of the Savannah & Memphis Railroad Company in the city of Montgomery to pay the same, and that in fact at that time the railroad company had no agency in the city of Montgomery, and did not have, up to the time of bringing the suit.

The demurrer is based on three grounds: 1. That there is no averment that the coupons were presented for payment before suit brought. 2. There is no averment of the authority of the county to issue the bonds. 3.

Because the act of the general assembly authorizing the issue of the bonds is contrary to the provisions of the state constitution.

On the first ground of demurrer it is sufficient to say, that it is now the well settled doctrine of the courts of this country, that when a note is payable at a particular place, presentation for payment at that place is not a condition precedent to a suit against the maker. Wallace v. McConnell, 13 Pet. [38 U. S.] 148; Irvine v. Withers, 1 Stew. (Ala.) 234; Montgomery v. Elliott, 6 Ala. 701. This is the settled law, even where there is no excuse for the nonpresentation of the note. But the declaration avers a fact, which abundantly excuses the want of presentation, even if presentation were necessary, namely: that the Savannah & Memphis Railroad Company had no agency in the city of Montgomery, where, according to the tenor of the bonds, the coupons were to be presented for payment. The law does not require any one to do a vain or impossible thing.

The next objection to the declaration is that the authority of the county of Tallapoosa to issue the bonds is not averred. The authority of the county to issue bonds was conferred by a general and public act of the legislature of the state. An authority given by a general statute need not be pleaded. Toppen v. Railroad Co. [Case No. 14,099]. The courts of the United States take judicial notice of the public acts of the states. And what the court judicially knows need not be averred or proven. It did not therefore require a special averment that the county of Tallapoosa was authorized to issue the bonds. The court judicially knows that on certain conditions, the county of Tallapoosa, and every other county in the state of Alabama, was authorized to issue bonds in aid of the construction of railroads. The declaration avers that certain bonds were issued, which show upon their face that they were issued in pursuance of the authority conferred by a certain act of the legislature. We think that the facts of which the court takes judicial notice, taken in connection with the facts averred, sufficiently show the authority of the defendant county to issue the bonds in suit. Where a county issues its bonds payable to bearer, and pledges for their payment the faith, credit and property of the county, under the authority of an act of assembly referred to on the face of the bonds by date, and those bonds pass bona fide into the hands of holders for value, the county is bound to pay them. Mercer Co. v. Hackett, 1 Wall. [68 U. S.] 83; Gelpcke v. Dubuque, Id. 175; Meyer v. Muscatine, Id. 384; Van Hostrop v. Madison City, Id. 291. It seems clear that the averments of the declaration bring the case within the rule thus laid down, and make, so far as the objection under consideration goes, a prima facie case for recovery. I am of opinion, therefore, that the second ground of demurrer is not well taken.

But it is assigned lastly, as an objection to the declaration, that the act of the general assembly authorizing the issue of bonds by counties is unconstitutional. It is settled by authority, if indeed it requires authority to settle so plain a proposition, that a county or other municipal corporation has no inherent right of legislation, and cannot subscribe for stock in a railroad and issue bonds to pay for it, unless authorized to do so by the legislature. Thompson v. Lee Co., 3 Wall. [70 U. S.] 327. But the legislature of a state, unless restrained by the organic law, has the right to authorize a municipal corporation to take stock in a railroad or other work of internal improvement, to borrow money to pay for it, and to levy a tax to repay the loan. Thompson v. Lee Co., supra. The question is therefore presented, Does the constitution of Alabama prohibit the general assembly from authorizing cities and counties to subscribe stock in railroads, and to borrow money and issue bonds to pay for it? This question has been decided by the supreme court of Alabama, in Ex parte Selma & Gulf R. Co., 45 Ala. 696. The court in that case has passed upon the constitutionality of the identical act, under authority of which the defendant county issued the bonds in this case, and sustained its constitutionality. And it is stated at the bar that this decision has been approved by a later one of the same court. Lockhart v. City of Troy [48 Ala. 579]. The bonds of the county of Tallapoosa, issued under authority of the act referred to, are protected by the decision, even though issued before it was made. These bonds are payable to bearer, and circulate by delivery as negotiable paper. They are the property of one holder to-day, and of another to-morrow. As soon then as a decision of the highest court of the state is made, affirming the constitutionality of the act under which the bonds were issued, all persons to whose hands the bonds may come are authorized to consider that question as conclusively settled. It cannot be opened to their damage. Even should the decision be reversed, the reversal cannot affect bonds already issued. Gelpcke v. Dubuque, 1 Wall. [68 U. S.] 175.

I have read with interest the argument submitted to prove the unconstitutionality of the act of the legislature under which the defendant county issued its bonds. But even if I were disposed to agree with its conclusions, it could not avail in this case. For the purposes of this suit, and so far as these bonds are concerned, the act under which they are issued must be considered as constitutional and valid, and the question of the power of the county to issue them foreclosed.

Demurrer overruled.