# Cobb *v.* Bryant.

*Action on Promissory Note, by Agent of Payee, against Maker.*

1. *Note payable to person "or bearer; who may sue on.*—A promissory note, payable to an existing person "or bearer," being construed as if payable to him "or order" (Code, § 1761), a written indorsement or assignment is necessary to pass the legal title to another person; but, if the note is not commercial paper (§ 2594), the beneficial owner may sue on it in his own name, whether he has the legal title or not.

2. *Plea denying plaintiff's ownership of note.*—When the plaintiff's ownership of the note sued on is denied by plea verified by affidavit (Code, p. 810, Rule No. 29), the *onus* of proving the ownership is cast on him.

3. *Possession of note, as evidence of ownership.*—The possession of personal property is, ordinarily, *prima facie* evidence of ownership; but an agent's possession of a promissory note, payable to his principal, is not sufficient to authorize a recovery by him in his own name, when his ownership is denied by a sworn plea.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by J. C. Bryant, against A. A. Cobb, Joseph Clark, and D. C. Lassiter; and was commenced in a justice's court. The original complaint was in the name of J. C. Bryant, "agent of the Singer Manufacturing Company;" but these superadded words were struck out by amendment in the Circuit Court, as the judgment-entry recites. The cause of action was a promissory note for $70.50, which purported to be signed by all of the defendants, was dated May 4th, 1888, payable on October 1st to "the Singer Manufacturing Company or bearer;" and it contained a waiver of exemptions, and a stipulation for the payment of "all expenses incurred in collecting the same." The defendant Cobb, who alone defended the suit, filed a special plea of *non est factum*, and a plea denying plaintiff's ownership of the note. The court allowed the note to be read in evidence, against the objection and exception of the defendant. Evidence was introduced, also, relevant to the fact of the execution of the note; but the bill of exceptions, which purports to set out all the evidence, states that the plaintiff "offered no evidence as to his ownership of, or property in the note." The defendant asked the court to instruct the jury, "that

they must find a verdict for him, if they believed the evidence;" and he excepted to the refusal of this charge. The several rulings to which exceptions were reserved, are now assigned as error.

W. D. ROBERTS, for appellant.

J. F. ROPER, contra.

SOMERVILLE, J.—The note sued on is payable to the "Singer Manufacturing Company, or *bearer*," in the sum of seventy 50-100 dollars. Under the provisions of section 1761 of the Code, a bond, bill or note, except those issued to circulate as money, "if payable to an existing person, or *bearer*, must be construed as if payable to such person or *order*."—Code, 1886, § 1761; *Blackman v. Lehman*, 63 Ala. 547. Construing the note to be payable to the payee named, or order, and there being no indorsement of the instrument by the payee—no written order directing its payment to another—the legal title was clearly not in the plaintiff, Bryant.

The note being a contract for the payment of money, and at the same time not being commercial paper, an action on it could be prosecuted in the name of "the party really interested," or the beneficial owner, whether he had the legal title or not.—Code, 1886, § 2594.

The title of the plaintiff is disputed by a sworn plea denying that he is the beneficial owner, in accordance with the requirements of Rule of Practice No. 29 (Code, 1886, p. 810); and this cast on the plaintiff the burden of proving such ownership. Ordinarily, possession of personal property is *prima facie* evidence of ownership; but the possession of an agent does not prove an ownership in him of the principal's property. The plaintiff is shown to have been the agent of the Singer Manufacturing Company, the payee of the note. This suit was originally brought before the justice's court in his name as such agent, and was afterwards amended by striking out the name of his principal. There is other evidence, also, of such agency. He proved no title to the instrument, except a naked possession of it. The case of *Jarrell v. Lillie*, 40 Ala. 271, is a direct authority against the right of the plaintiff to recover on such a state of facts. In that case, there was a plea, verified by affidavit, denying that the plaintiff was the real owner of the notes sued on,

which were payable to certain named payees, or bearer. The plaintiff was the attorney of the payees, and sued in his own name, relying on the fact of his possession as evidence of ownership. It was held that the possession of a note by an attorney, as such, was not sufficient to authorize a recovery by him in his own name, his ownership being denied by sworn plea.

The court erred in not giving the charge requested by the defendant, instructing the jury to find for him if they believed the evidence.

Reversed and remanded.