# Kansas City, Memphis & Birmingham Railroad Company *v.* Cobb.

*Action by Holder, without Indorsement, on Coupons Payable to Bearer.*

1. *Coupon; proof of execution.*—A coupon reciting that it is "payable to bearer in the city of Boston, Mass., unless this bond is drawn for the sinking fu id, being six month's interest on bond No. 916 " and by which the defendant promises to pay a certain sum at a specified time, and which is signed by the defendant's treasurer, is a written instrument within the meaning of Code, § 2770, and, under a complaint averring generally the execution of the coupon, must be received in evidence without proof of execution unless its execution is denied by a sworn plea.

2. *Same; negotiability of as affected by Code, § 1761.*—Section 1761 of the Code has no application to coupons payable to bearer, which under the general law, as recognized in this State, possess, in legal effect, all the attributes of negotiable promissory notes and are governed by the law merchant.

3. *Same; what title will support action thereon.*—A party to whom a coupon payable to bearer has passed by delivery, without indorsement, may by virtue of Code, § 2594, maintain an action thereon in his own name, and this, notwithstanding there is a condition on the face of the coupon which destroys its character as commercial paper.

4. *Same; variance.*—A coupon made payable to bearer at a designated place may be given in evidence under a complaint counting thereon as if made payable generally. (*Puckett v. King*, 2 Ala. 570, and *Clancey v. Hilliard*, 39 Ala. 713, overruled.)

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action of assumpsit brought by the appellee against appellant upon certain coupons of like tenor and effect, of which the following is a copy. "On the 1st day of September 1891, the Kansas City, Memphis & Birmingham Railroad Company will pay to the bearer in the city of Boston, Mass., unless this bond be drawn for the sinking fund,

twenty-five dollars, being six month's interest on bond No. 916.

916—25 dollars.          CHARLES MERRIAM, Treasurer."

The plaintiff offered the coupons in evidence and they were admitted against the objection and exception of the defendant, which objections are set forth in the opinion of the court. The deposition of the treasurer who signed the coupons was also offered in evidence, in which he testified that he was the treasurer of the defendant company and that none of the bonds to which the coupons sued on were attached had been drawn for the sinking fund. The defendant objected separately to each part of this testimony of the witness, on the ground that it was incompetent and immaterial, and because there was better evidence of the facts than the testimony of the witness. The several objections were overruled by the court and exceptions duly reserved by the defendant. The foregoing being substantially all the evidence the court, at the request in writing of the plaintiff, gave the following charge: "If the jury believe the evidence they must find the issue in favor of the plaintiff, and assess her damages at the face value of the coupons introduced in evidence, and interest thereon at the rate of six per cent. per annum." The defendant duly excepted to the giving of this charge, and after the verdict was rendered for the plaintiff moved in arrest of judgment on the following ground: "The complaint in said cause does not disclose a substantial cause of action in this; because it relies for recovery on coupons alleged to have been executed by defendant, and there is no description in said complaint of such coupons, and a coupon is not such an instrument as implies by its name a legal obligation to pay money when executed by defendant without further description.

HEWITT, WALKER & PORTER, for the appellant.

LANE & WHITE, for the appellee.

COLEMAN, J.—The suit was to recover upon coupons of bonds of the appellant. It would have been better pleading for the complaint to have specified the number of coupons, and the respective amounts of the coupons sued upon. No objection however was taken to the form of the complaint. There was no plea denying the ownership of the coupons or their due execution. The case was tried upon the general issue. The coupons are signed "Charles Merriam, Treasurer" and are "payable to bearer in the city of Boston, Mass."

The complaint is in common form of a declaration as upon a promissory note, averring generally the execution of the coupons, and that they were payable on the 1st of September, 1891, without any reference in the complaint to the place of payment.

An objection was interposed to the introduction in evidence of the coupons, based, 1st, upon the grounds that there was no proper proof of the execution of the coupons by the defendant; 2d, that they were not endorsed, and showed upon their face the legal title was not in plaintiffs, and the suit should be in the name of the person from whom the consideration moved, for the use of the holder: 3d, that the coupons being made payable at a particular place were not admissible under a complaint which described them as payable generally.

As to the first ground of objection, Rule 29, page 810, of the Code, and sections 2676 and 2770 is a complete. answer to the objection, there being no plea in except that of the general issue.  A coupon of a bond, as described in the complaint, is a written instrument within the meaning of section 2770, *supra*.  As to the second objection.  The general law is, and is so recognized in this State, that, unless changed by statute, coupons made payable to bearer, in legal effect, possess all the attributes of negotiable promissory notes, governed by the law merchant.  See authorities collated in 4th Amer. & Eng. Encyc. of Law, pp. 430–32, notes.  The coupons under consideration are "payable to bearer," and are made "payable in Boston, Mass."  The statute of this State, as construed in *Blackman v. Lehman, Durr & Co.*, 63 Ala. 547, has no application to the instruments, the foundation of this litigation.  The distinction was recognized in the subsequent cases of *In re Tallassee Manufacturing Co.*, 64 Ala. 567, and very clearly declared in *Reid v. Bank of Mobile*, 70 Ala. 199.   See also Act of February 28, 1889 (Acts 1888–89, p. 110), amending section 1761 of the Code.   If the coupons passed by delivery, plaintiff became the owner of the legal title without an indorsement, and conceding the contention of appellant for the argument, that there was a condition in the face of the coupons that destroyed their character as commercial paper, then under section 2594 of the Code, the party really interested or the beneficial owner must sue, whether he has the legal title or not.—*Cobb v. Bryant*, 86 Ala. 316.

The last ground of objection presents a question of more difficulty, because of a want of harmony in our own decisions,

and that is whether an instrument, made payable at a designated place, may be given in evidence under a complaint, counting on an instrument as if made payable generally. The precise question came before this court at a very early day, and in the case of *Puckett v. King*, 2 Ala. 570, it was held that "a note, which on its face is made negotiable and payable at the Branch Bank of The State of Alabama, at Mobile, can not be given in evidence under a declaration describing a note as payable generally." The principle here declared was fully recognized in the case of *Clancy v. Hilliard*, 39 Ala. 713. This rule was departed from in the subsequent cases of *Clark v. Moses*, 50 Ala. 326, and *Morris v. Poillon*, *Ib.* 403. The question has not arisen since.

The reason given for the rule in the case of *Pucket v. King*, 2 Ala., *supra*, is that there is a distinction between the contracts evidenced by the notes, in that as to the note payable at a particular place and day, the maker is authorized to show this fact in his defense, in a plea of tender; his contract therefore is not the same as when he contracts to pay absolutely, and wherever the note may be presented for payment."

We are not satisfied with the reason here assigned. A plea setting up that the instrument sued upon was made payable at a certain time and place, and that defendant had funds at the time and place to meet the demand, and had kept the money ready at all times, and now brings it into court, &c., would have been a good plea of tender to the present suit. The fact of having funds to satisfy the claim is defensive matter and must be pleaded by the defendant. Where the instrument offered in evidence showed a different liability from the one declared upon, when the amounts recoverable are different, then there is such a variance as to exclude the instrument. But no such result follows in the present case. The liability is the same, and the amount recoverable the same. The same defense under a plea of payment or tender could be made whether declared upon, as payable generally or whether the place of payment had been described in the complaint. Some other questions are discussed in the brief of appellant but are without any merit. There was no error in the ruling of the court, and the judgment must be

Affirmed.